IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Demetrius P. Wilson, ) | |
| ) | Civil Action No. 6:09-1642-HMH-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Sheriff Tony Davis, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On December 14, 2009, the defendants filed a motion for summary judgment. By order of this court filed December 18, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised an the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately. The envelope containing the order was returned to the court as undeliverable. Subsequent investigation revealed the plaintiff had been transferred to the Horry County Detention Center, and the *Roseboro* order was remailed to him at that facility on December 28, 2009. When the plaintiff failed to filed a response, another order was filed on February 8, 2010, giving him a final opportunity to respond. The envelope containing this order was returned to the court on February 18, 2010, indicating the plaintiff had been released from custody. The plaintiff had had no contact with the court since July 16, 2009, and his current whereabouts are unknown.

On March 9, 2010, the defendants filed a motion to dismiss for lack of prosecution, based on the fact that the plaintiff has failed to provide the court and/or opposing counsel with his current mailing address.

The record reveals that the plaintiff was advised by order dated July 24, 2009 (doc. 15), of his responsibility to notify the court *in writing* if his address changed.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that the defendants' motion to dismiss for lack of prosecution be granted.

s/William M. Catoe
United States Magistrate Judge

March 9, 2010

Greenville, South Carolina